IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH GREGG LUCERO,

    Plaintiff,

v.                                                     No. CV 14-0661 WJ/GBW

CHAVEZ COUNTY DETENTION CENTER,
OFFICER ESCIBETO,
OFFICER MORALES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding pursuant to 28 U.S.C. § 1915. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants a detention center and two correctional officers. Plaintiff alleges that Defendants Escibeto and Morales injured him by use of unwarranted excessive force. For relief, he seeks damages and certain equitable relief.

No relief is available on Plaintiff's claims against Defendant Chavez County Detention Center. As the Court of Appeals for the Tenth Circuit has noted, "[d]ismissal against [Defendant Detention Center is] . . . required because a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). The Court will dismiss Plaintiff's claims against the detention center. Notice and waiver of service forms will be issued for Defendants Escibeto and Morales.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Chavez County Detention Center are DISMISSED; Defendant Chavez County Detention Center is DISMISSED as a party to this action; and the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendants Escibeto and Morales.

_____
UNITED STATES DISTRICT JUDGE